United States District Court
Southern District of Texas

**ENTERED**

April 21, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| KYLE GUNTER, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-25-6356 |
| XTO ENERGY, *et al.*, | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Kyle Gunter, has sued ExxonMobil, XTO Energy, and three Exxon employees for alleged discrimination and retaliation related to his employment and termination from Exxon.  (Docket Entry No. 1).  The defendants have moved to dismiss under both Rule 12(b)(5) and Rule 12(b)(6).  (Docket Entry No. 9).  For the reasons explained below, the court grants the motion to dismiss and grants Gunter leave to amend.  Gunter must properly serve each defendant with a copy of the summons and amended complaint no later than May 22, 2026.

I.    **Background**

Gunter alleges that he was employed as a developer at Exxon from January 2022 through December 2024.  (Docket Entry No. 1 at 5).  He was "onboarded using a Veteran connected 'Coder Fusion' program as a disabled veteran."  (*Id.*).  During his time at Exxon, he was under the management and supervision of Bryan Bollinger, Dylan Tumblin, Jijesh Varghese, and Preeti Chewle.[1]  (*Id.*).  At an employee introduction in February 2023, Gunter gave a presentation that included his military service photo.  (*Id.*). Gunter alleges that Bollinger made a rude comment

---

[1] The exhibits attached to the complaint clarify that the proper spelling is "Chewle" and not "Chewlee." (*See, e.g.*, Docket Entry No. 1 at 25; *see also* Docket Entry No. 9 at 5 n.1).

about Gunter's military service photo, stating "[t]hat's an old photo, how are they going to be able to identify your dead body."  (*Id.*).

In August 2023, Tumblin categorized Gunter as "Needing Significant Improvement."  (*Id.*). During the implementation of this improvement plan, Gunter was switched to a new role with more responsibility and a new supervisor.  (*Id.*).  He completed the plan in November 2023 with comments from Chewle stating "[u]pdates were very well received by the business team."  (*Id.* at 5–6, 15).  On August 8, 2024, Gunter emailed a human resources contact about the so-called "death threat" from Bollinger and other comments from Varghese about Gunter's education and competence, to which he did not receive a response.  (*Id.* at 6, 19).  In September 2024, Gunter was again assigned as Needing Significant Improvement.  (*Id.* at 6).  During the implementation of this next improvement plan, Gunter met with Chewle for one-one-one meetings.  Chewle allegedly made remarks about Gunter's "disinterested behavior."  (*Id.*).  Gunter responded by voicing concerns "regarding a personal bias" and that the plan was "implemented to be impassable."  (*Id.* at 6, 17–18).  After Gunter "voiced his concerns" (it is unclear to whom) about the plan and Chewle's comments, he was issued another letter by his supervisor for a "pay-in-lieu" option to discontinue the plan sometime in October 2024.  (*Id.* at 6).  Gunter denied the option and kept going with the plan.  (*Id.*).  In December 2024, Gunter was terminated.  (*Id.*).  Exxon allegedly withheld his accrued pay.  (*Id.*).

In December 2025, Gunter sued Exxon, XTO Energy,[2] Bollinger, Chewle, and Varghese. (Docket Entry No. 1).  He brought claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA), the Americans with Disabilities Act (ADA), Title VII of

---

[2] The motion to dismiss states that XTO is a separately incorporated subsidiary of Exxon.  (Docket Entry No. 9 at 8 n.5).

the Civil Rights Act of 1964, the Fair Labor Standards Act (FLSA), and Chapter 61 of the Texas Labor Code. He requested damages, including punitive damages. (*Id.* at 7). The defendants moved to dismiss under both Rule 12(b)(5) and Rule 12(b)(6), arguing that none of the defendants have been properly served and that Gunter fails to state claims upon which relief can be granted. (Docket Entry No. 9). Gunter filed a response, (Docket Entry No. 10), as well as a second response, (Docket Entry No. 12), which he did not receive leave from the court to file.

## II.      The Legal Standard

### A.  The Rule 12(b)(5) Standard

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* For service to be effective, a plaintiff must comply with the requirements of Rule 4. "Importantly, *pro se* litigants are not absolved from compliance with the requirements of Rule 4." *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-00231-ALM-CAN, 2021 WL 1725523, at *1 (E.D. Tex. Apr. 12, 2021), *report and recommendation adopted*, 2021 WL 1721706 (E.D. Tex. Apr. 30, 2021). "Without either proper service of process or waiver of that service, a federal court cannot exercise personal jurisdiction over the defendant." *Dennis v. Eryngo Hills Apartments*, No. 1:22-CV-00683-DAE, 2023 WL 3855066, at *1 (W.D. Tex. June 6, 2023), *report and recommendation adopted*, 2023 WL 4277345 (W.D. Tex. June 29, 2023).

### B.  The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.    Analysis

### A.  Insufficient Service of Process

The defendants argue that dismissal is warranted because there are multiple flaws with Gunter's attempt to serve each defendant. First, the defendants argue that because Gunter concedes that he personally attempted service on each defendant via certified mail, there has been no proper service of process. (Docket Entry No. 9 at 13). Under both Rule 4 and Texas law, a plaintiff cannot send the summons and complaint themselves, even via certified mail. "[W]here a plaintiff is the person who sends the registered or certified mail to a defendant, such service is invalid." *See Sharma v. City of Dallas*, No. 3:24-cv-1310-D-BN, 2026 WL 183777, at *3 (N.D. Tex. Jan. 23, 2026) (collecting cases). Because Gunter's proofs of service stated that he "served the documents via certified mail to the corporate headquarters location in Spring," (Docket Entry Nos. 4, 5, 6, 7, 8; *see also* Docket Entry No. 10 at 6 (admitting that he sent the mail)), the court agrees with the defendants that Gunter has not properly effected service on any defendant. *See Le v. Gen. Motors Co.*, Civ. Action No. H-25-209, 2026 WL 1010114, at *3 (S.D. Tex. Apr. 13, 2026).

4

Even if Gunter had not personally sent the summons and complaint, however, there are other errors in Gunter's attempt to serve the defendants.  Vanessa McLendon, the employee in the legal department at Exxon who ultimately received a package (which was not addressed to any particular person, (Docket Entry No. 8 at 3)) containing the lawsuit, has provided an affidavit stating that she is not an agent authorized to receive service of process for any of the defendants. (Docket Entry No. 9-1).  Gunter has provided no evidence to challenge McLendon's affidavit but merely asserts that because she is an employee in the legal department and all the defendants must have known about the suit, service is proper.  (Docket Entry No. 10 at 6–7).  Neither argument is sufficient to overcome Exxon's challenge to the service of process. *See, e.g.*, *Ellibee v. Leonard*, 226 F. App'x 351, 356 (5th Cir. 2007); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).  Similarly, Gunter has also provided no evidence that "W. Holland," who signed the receipt submitted in support of the proof of service for Exxon, (Docket Entry No. 8 at 3), was authorized to accept service of process on behalf of any defendant.  *See Smith v. Womans Hosp.*, 671 F. App'x 884, 887 (5th Cir. 2016).

Next, the individual defendants cannot be served by mail at their place of work absent a motion supported by an affidavit.  *See* FED. R. CIV. P. 4(e); *Brackens v. Woods*, Civ. Action No. H-13-3743, 2014 WL 1255879, at *2 (S.D. Tex. Mar. 26, 2014) ("Texas law does not permit service of process on individuals at their place of employment, except on motion supported by affidavit."); *Allen v. Travis*, Civ. Action No. 3:06-CV-1361-M, 2007 WL 1989592, at *8 (N.D. Tex. July 10, 2007) (noting that "service at a defendant's place of employment is insufficient under Rule 4" and that under Texas law, a plaintiff can only be served at their usual place of business "pursuant to a motion support[ed] by an affidavit specifically stating the location at which the defendant can be found").  In any event, the proofs of service that Gunter submitted did not contain

signatures from Bollinger, Chewle, or Varghese verifying receipt, which is also independently fatal to Gunter's attempts to serve them.  *See Brackens*, 2014 WL 1255879, at *2 ("The absence of the defendants' signatures on the return receipts also makes them ineffective" (citing *Ayika v. Sutton*, 378 F. App'x 432, 435 (5th Cir. 2010)).

Because no defendant has been properly served, the court grants the motion to dismiss under Rule 12(b)(5).  The court denies Gunter's request, buried within his first response to the motion to dismiss, for default judgment against the individual defendants.  (Docket Entry No. 10 at 10).  The court also denies Gunter's request to serve the defendants through email and through CM/ECF filings.  (*Id.*).  Gunter has not met the strict requirements for requesting substitute service.[3]  *See Ancrum v. Lyft*, 722 F. Supp. 3d 642, 646–47 (N.D. Tex. 2024).

### B.  Failure to State a Claim

Even if Gunter had properly served the defendants, however, he has still failed to state a claim upon which relief could be granted.  The court can address the Rule 12(b)(6) arguments even without proper service on the defendants under Rule 12(b)(5).  *See, e.g.*, *Robinson v. Jackson*, No. 2:23-cv-1078, 2023 WL 5938744, at *2 (E.D. La. Sep. 12, 2023); *Pena v. Dallas Police Ass'n*, No. 3:22-CV-098-N-BH, 2023 WL 2144296, at *4 (N.D. Tex. Jan. 17, 2023) (considering the defendant's alterative arguments for dismissal under Rule 12(b)(6) even though dismissal under Rule 12(b)(5) was also proper), *report and recommendation adopted*, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 746 (N.D. Tex. 2013) (same).

---

[3] Gunter asserts that he has "attempted to resolve and request access multiple times with the court in order to expedite the service and filing process and has been denied multiple times."  (Docket Entry No. 10 at 10).  The docket does not reflect that Gunter has ever filed a motion for CM/ECF access or a motion for substitute service.

### 1. The Title VII Claims

Gunter does not identify the basis for his Title VII claims.[4] (*See generally* Docket Entry No. 1). His pleadings are concerned with purported disability discrimination and retaliation only. But "Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin." *Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 328 (5th Cir. 1988). It does not extend to discrimination based on disability. *See Avina v. JP Morgan Chase Bank, N.A.*, 413 F. App'x 764, 766 n.4 (5th Cir. 2011) ("Title VII does not prohibit discrimination because of a disability"); *accord Paige v. Pellerin Milnor Corp.*, Civ. Action No. 16-17785, 2017 WL 1251203, at *2 (E.D. La. Apr. 5, 2017); *Milteer v. Navarro County, Tex.*, No. 3:210-CV-2941-D, 2022 WL 1321555, at *5 n.9 (N.D. Tex. May 3, 2022). There are no allegations that Gunter was discriminated against on the basis of race, color, religion, sex, or national origin. Without such allegations, Gunter's Title VII discrimination claim cannot proceed.

For these reasons, retaliation for complaining about disability discrimination is not a basis for a Title VII claim, either. *See Paige* 2017 WL 1251203, at *2 ("Because Paige does not allege that he engaged in any activity based on any of the characteristics protected by Title VII, he cannot state a retaliation claim under that statute."); *Stratton v. Jackson State Univ.*, No. 3:20-CV-00202, 2021 WL 1268381, at *1 n.1 (S.D. Miss. Apr. 6, 2021) ("Plaintiff's Title VII claim is purportedly based on retaliation for his having complained about disability discrimination. This is not a cognizable claim, as Title VII does not provide protection against retaliation based on complaints of disability discrimination."); *Omogbehin v. Cino*, 485 F. App'x 606, 611 (3d Cir. 2012); *Branscomb v. Sec'y of Navy*, 461 F. App'x 901, 906 (11th Cir. 2012). Because Gunter has not

---

[4] Gunter does not clearly identify whether he is bringing claims for discrimination *and* retaliation under Title VII and the ADA, or just claims for retaliation. Construing his pleadings liberally, he is attempting to assert both kinds of claims under both statutes.

7

pleaded facts showing that he was retaliated against for engaging in activity protected by Title VII, the retaliation claim is dismissed as well.

Gunter's Title VII claims are dismissed, without prejudice, as to Exxon and XTO.[5] Gunter may amend his Title VII claims to assert facts showing discrimination or retaliation based on characteristics protected by Title VII. To the extent that the Title VII claims are asserted against the individual defendants, however, those claims are dismissed, with prejudice. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] party may not maintain a suit against both an employer and its agent under Title VII"); *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (Table) ("Relief under Title VII is only available against an employer, not an individual supervisor or fellow employee." (cleaned up)); *Marbley v. Teamster Local 988*, Civ. Action No. 4:22-cv-3396, 2023 WL 4712825, at *7 (S.D. Tex. July 24, 2023) ("Put simply, there is no individual liability under Title VII.").

### 2. ADA

"The ADA seeks to eliminate unwarranted discrimination against disabled individuals in order both to guarantee those individuals equal opportunity and to provide the Nation with the

---

[5] The court declines the defendants' request at this time to dismiss the Title VII claims against Exxon and XTO, with prejudice, for failure to exhaust. (Docket Entry No. 9 at 16–17 & n.8). "A failure to exhaust defense can be asserted at the motion to dismiss stage 'only if the defense is evident on the face of the complaint.'" *Sollazzo v. Allied Universal*, Civ. Action No. 22-237, 2023 WL 5969220, at *3 (W.D. La. Sep. 12, 2023) (quoting *Luebano v. Office Depot, L.L.C.*, No. 22-050767, 2023 WL 4249268, at *3 (5th Cir. June 29, 2023)). Gunter does not discuss exhaustion in his complaint, nor does he mention his EEOC Charge. At the motion to dismiss stage, a district court's consideration is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Although the defendants attached the EEOC Charge to their motion to dismiss, the court cannot consider that document based on the record before it. *See Lopez v. Kendall*, No. 22-50411, 2023 WL 2423473, at *2 (5th Cir. 2023). And because exhaustion is typically an affirmative defense, Gunter's silence in his complaint as to exhaustion is not a basis for dismissal, either. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

benefit of their consequently increased productivity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999). "To prevail on a claim of disability discrimination under the ADA, a party must prove that (1) he has a disability; (2) he is qualified for the job, and (3) the covered entity made its adverse employment decision because of the party's disability." *Neely v. PSEG Tex., Ltd. P'Ship*, 735 F.3d 242, 245 (5th Cir. 2013) (cleaned up). "To recover under the ADA, the plaintiff must prove that he was discriminated against on the basis of his disability." *Bennet v. Calabrian Chems. Corp.*, 324 F. Supp. 2d 815, 824 (E.D. Tex. 2004).

In addition, "[t]he ADA prohibits an employer from 'discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303–04 (5th Cir. 2020) (alterations in original) (quoting 42 U.S.C. § 12203(a)). "When a plaintiff presents indirect evidence of unlawful retaliation under the ADA, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*." *Id.* at 304. "To establish a prima facie case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Id.*

There are several issues with Gunter's ADA discrimination and retaliation claims. First, as with the Title VII claims, the ADA does not provide a cause of action against an individual. *See McLennan v. Oncor Elec. Delivery Co. LLC*, No. 3:12-CV-00531-G, 2012 WL 3072340, at *3 (N.D. Tex. July 6, 2012), *report and recommendation adopted*, No. 3:12-CV-0531-G BF, 2012 WL 3079063 (N.D. Tex. July 30, 2012), *aff'd sub nom. McLennan v. Veitch*, 519 F. App'x 260 (5th Cir. 2013); *Ancar v. LCMC Health*, Civ. Action No. 25-618, 2025 WL 3187083, at *2 (E.D.

9

La. Nov. 14, 2025); *Estate of A.R. v. Grier,* Civ. Action No. H-10-0533, 2011 WL 3813253, at *7 (S.D. Tex. Aug. 26, 2011).  To the extent Gunter is attempting to assert ADA claims against individual defendants, those are dismissed, with prejudice.  Second, the claims against XTO are dismissed, without prejudice, because Gunter has failed to allege that XTO was an employer.  *See Reed v. City of Floresville*, No. SA-24-CV-00701, 2026 WL 753541, at *4 (W.D. Tex. Mar. 16, 2026) ("To plead a cause of action for liability under the ADA and FMLA, a plaintiff must allege sufficient facts to support the requirement that the defendant qualifies as an 'employer' under the statutes and that an employment relationship existed between the plaintiff and that defendant.'"); *accord Patterson v. Yazoo City*, 847 F. Supp. 2d 924, 932 (S.D. Miss. 2012).

But even as to Exxon—undisputably identified as Gunter's employer in the complaint—Gunter has failed to meet the requirements of Rule 8.  There are no facts plausibly alleging any discrimination or retaliation against him based on his disability.  The only time Gunter's disability is mentioned is when he notes that he was hired through a program for disabled veterans.  (Docket Entry No. 1 at 5).  And the complaint merely alleges that Gunter "voiced his concerns" that the 2024 improvement plan was biased and unfair.  (Docket Entry No. 1 at 6–7).  The general assertion of "bias" is insufficient for this court to conclude that there are viable ADA claims.  *See Arocha v. Ministries*, No. 5-18-CV-01251-XR-RBF, 2019 WL 13254069, at *2 (W.D. Tex. Jan. 14, 2019) ("To survive a motion to dismiss, a plaintiff's complaint must identify more than the plaintiff's subjective belief that he or she was discriminated against; it must describe specific facts that support the plaintiff's claim that the employer acted in an unlawfully discriminatory manner.").  Even taking all facts as true, there are simply insufficient facts alleged for this court to conclude that Gunter has plausibly pleaded claims under the ADA.

The ADA discrimination and retaliation claims are dismissed, without prejudice, as to Exxon and XTO. Gunter may amend his complaint to allege sufficient facts plausibly pleading that Exxon and XTO discriminated and retaliated against him in violation of the ADA. The ADA claims against the individual defendants are dismissed, with prejudice.

### 3.  USERRA

"USERRA is a federal law that protects employees from being discriminated against by their employers because of their military service." *McIntosh v. Partridge*, 540 F.3d 315, 320 (5th Cir. 2008). "USERRA's anti-discrimination provision prohibits an employer from denying initial employment, reemployment, retention in employment, promotion, or any benefit of employment to a person on the basis of membership, application for membership, performance of service, application for service, or obligation of service." *Rogers v. City of San Antonio*, 392 F.3d 758, 762 (5th Cir. 2004) (citing 38 U.S.C. § 4311(a)). "Additionally, 'an employer must not retaliate against a person by taking adverse employment action against that person because he or she has taken an action to enforce a protection afforded under USERRA.'" *Garcia-Ascanio v. Spring Indep. Sch. Dist.*, 74 F.4th 305, 309 (5th Cir. 2023) (quoting *Rogers*, 392 F.3d at 762).

"To establish a USERRA claim, a plaintiff must prove that his or her 'membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action.'" *Id.* (quoting *Bradberry v. Jefferson County*, 732 F.3d 540, 547 (5th Cir. 2013)). "The Act does not define 'motivating factor,' but '[b]y referring to *a* 'motivating factor, the statute does not textually suggest that military service be the sole factor.'" *Id.* (alterations in original) (quoting *Bradberry*, 732 F.3d at 547). "USERRA also provides employers with an affirmative statutory defense: An employer is not liable 'if it can prove that the action would have been taken in the absence of such military

11

status.'" *Id.* (quoting *Bradberry*, 732 F.3d at 547) (cleaned up). "[T]he employer has the burden to prove the affirmative defense that it would have taken the action anyway." *Id.* (alteration in original) (quoting *Bradberry*, 732 F.3d at 547).

The court dismisses the USERRA claims, without prejudice. Although this court "must accept as true the allegations in the complaint and construe them in the light most favorable to the plaintiff," the court "will not strain to find inferences favorable to the plaintiffs" and will "not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (cleaned up). There are no alleged facts giving rise to a reasonable inference that Gunter was discriminated or retaliated against because of his past service. Gunter merely alleges that (1) he was hired through a "Veteran connected" program, and (2) in February 2023, Bollinger commented on Gunter's military photo (in a comment that concerned the age of the photo, not his status as a veteran) in a manner that Gunter interprets as a "death threat." (Docket Entry No. 1 at 5). Gunter was not assigned as "Needing Significant Improvement" until August 2023 (six months after that comment) and was not terminated until December 2024 (nearly two years after that comment). (*Id.* at 5–6). Gunter also asserts no facts plausibly linking his complaint about Bollinger's comment with his first "Needing Significant Improvement" assignment and his status as a veteran. In short, the court cannot make the speculative and conclusory leaps necessary to find that Gunter has plausibly pleaded a claim under the USERRA. *See Bennett v. Dallas Indep. Sch. Dist.*, 936 F. Supp. 2d. 767, 788 (N.D. Tex. 2013) (noting that the plaintiff "fail[ed] to point to any evidence of a connection between his USERRA-protected actions and [his employer's] decisionmaking").

The court dismissed this claim, without prejudice. Gunter may amend to allege facts that would allow this court to make a reasonable inference—rather than an "unwarranted deduction"—

that he has stated a claim under the USERRA and that all the defendants qualify as "employers" within the meaning of the statute.

### 4. FLSA

Gunter also brings claims under the FLSA.  The basis for his claim appears to be that after he was terminated, Exxon withheld his accrued pay.  (Docket Entry No. 1 at 6; Docket Entry No. 12 at 4).  Gunter provides, as part of the exhibits attached to his complaint, the Texas Workforce Commission decision stating that he was not entitled to $3,902.08 in unpaid vacation pay because Exxon had already paid that amount, albeit after the wage claim was filed.  (Docket Entry No. 1 at 24).  This unpaid vacation pay (which was later paid) cannot form the basis of an FLSA claim. *See Owens v. CEVA Logistics/TNT*, Civ. Action No. H-11-2237, 2012 WL 6691115, at *11 (S.D. Tex. Dec. 12, 2012) ("The FLSA does not contain a requirement to pay unused vacation time when an employee leaves."); *Young v. Excellence Mortg., Ltd.*, No. SA-10-CA-314-FB, 2010 WL 11575618, at *10 (W.D. Tex. Sep. 15, 2010) ("[N]o provision of the FLSA has been construed to afford a cause of action for unpaid vacation alleged to be due at termination."), *report and recommendation adopted*, No. SA-10-CA-314-FB, Docket Entry No. 20; *Field v. Am. Mortg. Express, Corp.*, No. C 09-01439 MHP, 2009 WL 3562423, at *4 (N.D. Cal. Oct. 27, 2009) ("[T]he FLSA does not provide a cause of action for individuals, like [the plaintiff], who claim they were denied wages, benefits, or vacation pay due to them at termination.").

This claim is dismissed, without prejudice.  Gunter may amend his complaint to assert facts demonstrating a plausible violation of the FLSA.

### 5. Texas Payday Law Claim

Chapter 61 "does not allow a private cause of action."  *McLaughlin v. Monarch Dental Corp.*, No. 3:12-CV-4925-G, 2014 WL 3818290, at *2 n.2 (N.D. Tex. Aug. 4, 2014); *accord*

*Ihegword v. Harris Cnty. Hosp. Dist.*, 929 F. Supp. 2d 635, 668–69 (S.D. Tex. 2013), *aff'd*, 555 F. App'x 372 (5th Cir. 2014).  Rather, "Chapter 61 creates a detailed administrative enforcement scheme through the TWC and allows the possibility for enforcement by the attorney general.  There is nothing within Chapter 61 that suggests an intent to also allow a plaintiff to invoke its provisions through a private right of action, especially given the existence of the available administrative remedy."  *Doan v. Portable Prod. Servs., LP*, Civ. Action No. H-11-0261, 2011 WL 2038580, at *2 (S.D. Tex. May 19, 2021) (citation omitted).  Because Chapter 61 does not provide a private cause of action, this claim is dismissed, with prejudice.

## IV.    Conclusion

For the reasons explained above, the court grants the defendants' motion to dismiss. (Docket Entry No. 9).  The Title VII and ADA claims against Exxon and XTO are dismissed, without prejudice.  The Title VII and ADA claims against the individual defendants are dismissed, with prejudice.  The USERRA claim is dismissed, without prejudice.  The FLSA claim is dismissed, without prejudice.  The Texas Payday Act claim is dismissed, with prejudice.  Gunter may amend his complaint and, if he does so, must properly serve each defendant with a copy of the summons and amended complaint **no later than May 22, 2026**.  Because the court has denied Gunter's motion to proceed in forma pauperis, (Docket Entry No. 13), he must also pay the filing fee before this case can proceed.

Finally, the court also notes that Gunter asserted facts and claims in his briefing that were not included in the original complaint.  (*See, e.g.*, Docket Entry No. 12 at 5 (asserting unlawful enforcement of a non-compete)).  Any facts and claims that Gunter wants this court to consider must be included in the amended complaint, not in his briefing.  *See, e.g.*, *Cutera v. Bd. of Sup'rs*

14

*of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *Middleton v. Life Ins. Co. of N. Am.*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010).

SIGNED on April 21, 2026, at Houston, Texas.

_____

Lee H. Rosenthal
Senior United States District Judge