United States District Court
Southern District of Texas

**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KYLE GUNTER, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-25-6356 |
| | § | |
| XTO ENERGY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This case arises out of Kyle Gunter's alleged termination from ExxonMobil. On April 21, 2026, the court granted the motion to dismiss filed by the five defendants, (Docket Entry No. 9), on the grounds of improper service and failure to state a claim. (Docket Entry No. 14). The court ordered Gunter to serve each defendant with a copy of the summons and amended complaint no later than May 22, 2026. (*Id.* at 14). The court also noted that Gunter had asserted facts and claims in his briefing that were not included in the original complaint and ordered Gunter to include the facts and claims that Gunter wanted this court to consider in the amended complaint. (*Id.*).

On April 28, 2026, Gunter filed his amended complaint. (Docket Entry No. 17). The only defendant he served with the amended complaint was Exxon. (Docket Entry No. 21). Exxon has again moved to dismiss on the ground that Gunter's amended complaint fails to state a claim upon which relief can be granted. (Docket Entry No. 23). Based on the pleadings, the record, and the applicable law, the court grants the motion to dismiss. Because further amendment would be futile, the dismissal is with prejudice. The reason for this ruling is below.

**I.      The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

## II.     Analysis

The court's earlier ruling, (Docket Entry No. 14), explained the relevant background and the relevant legal standards.  Rather than repeat that analysis, the court addresses the factual allegations Gunter included in his amended complaint, focusing on whether he has addressed the pleading deficiencies the court identified.

### A.  The Title VII Claims

The court previously dismissed Gunter's Title VII claims because he based them on alleged disability discrimination, and Title VII does not extend to disability discrimination.  (Docket Entry

No. 14 at 7–8). The court allowed Gunter leave to amend these claims to allege facts showing discrimination or retaliation that violates Title VII. (*Id.* at 8). His amended complaint still does not allege any facts showing discrimination or retaliation under Title VII. Gunter's Title VII claims are dismissed, with prejudice, because further amendment would be futile.

### B. The Americans with Disabilities Act Claims

The court previously dismissed Gunter's claims against Exxon under the ADA because there were no facts plausibly alleging that Exxon discriminated or retaliated against Gunter *because of* his disability or because he engaged in activity protected by the ADA for which he was retaliated against. (*Id.* at 10). Gunter's disability is not identified and the amended complaint does not add facts plausibly alleging that Exxon discriminated or retaliated against him in violation of the ADA. The only new relevant facts alleged are that Gunter "confided privately" about his disability diagnosis to a mentor. (*See* Docket Entry No. 17 at 7). These new factual allegations still fail to state claims for ADA discrimination and retaliation. Gunter's ADA claims are dismissed, with prejudice, because further amendment would be futile.

### C. The Uniformed Services Employment and Reemployment Rights Act (USERRA) Claims

The court's prior ruling explained that Gunter had asserted no facts that plausibly linked the actions he complains of to his status as a veteran. (Docket Entry No. 14 at 12). The only new relevant allegations in the amended complaint are that non-veterans received "preferential treatment." (Docket Entry No. 14 at 6). These additional allegations do not identify what the "preferential treatment" was or any employee who obtained such treatment. These conclusory statements are insufficient to allow Gunter's USERRA claims to proceed. Gunter's USERRA claims are dismissed, with prejudice, because further amendment would be futile. The court has

already rejected Gunter's attempt to connect one remark about an old photo to alleged discrimination and retaliation based on his status as a veteran.  (Docket Entry No 14 at 12).

### D.  FLSA

The court previously dismissed Gunter's FLSA claim because unpaid vacation pay cannot form the basis of an FLSA claim.  (Docket Entry No. 14 at 13).  Although Gunter still lists the FLSA as a basis for relief, (*see* Docket Entry No. 17 at 1, 5), the amended complaint largely removes any reference to unpaid vacation pay and provides no new allegations that could form the basis of an FLSA claim.  To the extent that Gunter is still trying to assert an FLSA claim, that claim is dismissed, with prejudice, because further leave to amend would be futile.

### E.  OSHA General Duty Clause

Although Gunter lists the "OSHA General Duty Clause" as a basis for recovery, (Docket Entry No. 17 at 5), there is no private cause of action under OSHA.  *See Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) ("[W]e have held that OSHA does not give rise to a private cause of action.").  To the extent that Gunter is trying to assert a claim under OSHA, that claim is dismissed, with prejudice, because amendment would be futile.

### F.  The Contract Claims

In its earlier ruling, the court noted that Gunter had asserted facts and claims in his briefs that were not included in his complaint, specifically pointing to his references to alleged unlawful enforcement of a noncompete. (Docket Entry No. 14 at 14).  The court instructed Gunter to include any facts and claims he wanted the court to consider in his amended complaint.  (*Id.*).

 Gunter's amended complaint asserts that Exxon tried to unlawfully enforce a noncompete and a "baseless intellectual property agreement."  (Docket Entry No. 17 at 10).  But there is no plausible allegation that he was denied employment because of a specific unlawful action by Exxon or that Exxon has violated any particular contract or contract provision.  Gunter merely

alleges that he tried to obtain employment after Exxon terminated his employment and that he was not hired. And there is no allegation as to the alleged intellectual property agreement, how it was enforced, and how Exxon plausibly breached that agreement. Even construed liberally, the court cannot discern plausible claims from these allegations.[1] The court already warned Gunter that the facts he wanted this court to consider had to be included in his amended complaint. Gunter's contract-based claims based on the non-compete and intellectual property agreement are dismissed, with prejudice, because further amendment would be futile.

## III.    Conclusion

The court has already granted Gunter leave to amend once and explained in detail the deficiencies in his complaint. The amended complaint does not fix those deficiencies. The court grants Exxon's motion to dismiss. (Docket Entry No. 23). This case is dismissed, with prejudice, because further amendment would be futile. The court will separately enter final judgment.

SIGNED on June 5, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] Gunter also did not respond to Exxon's arguments about his contract-based claims (or his FLSA or OSHA claims) in his response to the motion to dismiss. (*See generally* Docket Entry No. 24). Failure to defend claims in response to a motion to dismiss constitutes abandonment of those claims and is an alternative ground for dismissal. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).